CA 22-10323
15 CR 00018 JAM-1
(Eastern District of California)

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

JOHN ROGERS,

       Defendant - Appellant.

---

## APPELLANT'S OPENING BRIEF

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

Karyn H. Bucur, Esq.
24881 Alicia Parkway, E193
Laguna Hills, California 92653
(949) 472-1092
khbucur@cox.net
Attorney for Appellant
Mr. John Rogers

## <u>**TABLE OF CONTENTS**</u>

I.    **STATEMENT OF THE CASE** ............................................. 2

      A.    NATURE OF THE CASE

          1.    JURISDICTION OF THE DISTRICT COURT .............. 2

          2.    BASIS FOR JURISDICTION IN THE COURT OF APPEALS ................................................................. 3

          3.    NOTICE OF APPEAL WAS TIMELY ............................ 3

      B.    PROCEEDINGS AND DISPOSITION OF THE TRIAL COURT ................................................................................ 3

      C.    BAIL STATUS ............................................................. 4

II.    **STATEMENT OF ISSUES** .................................................. 5

III.    **STATEMENT OF THE FACTS** ........................................... 7

IV.    **SUMMARY OF ARGUMENTS** .......................................... 9

V.    **ARGUMENT** ...................................................................... 12

    A.  The waiver of appeal provision in the plea agreement is not valid and is unenforceable because both the waiver and the guilty plea in count 4 were not knowingly and voluntarily made and enforcing the waiver would result in a miscarriage of justice because Mr. Rogers was convicted and sentenced on a non-existent offense and there is no federal statute that criminalizes the charged conduct ......................... 12

          1.    <u>Standard of Review</u> ......................................... 12

2. The waiver of appeal provision is unenforceable because both the waiver and the guilty plea in count 4 were not knowingly and voluntarily made and enforcing the waiver would result in a miscarriage of justice because Mr. Rogers was convicted and sentenced on a non-existent offense and there is no federal statute that criminalizes the charged conduct ................................................................................ 12

B. The conviction and the five-year consecutive sentence imposed on count 4 should be vacated because "carrying firearm in furtherance of a drug trafficking crime: is a non-existent federal criminal offense and no federal statute criminalizes this conduct ............................................... 20

    1. Standard of Review .......................................................... 20

    2. The conviction and the five-year consecutive sentence imposed on count 4 should be vacated because "carrying firearm in furtherance of a drug trafficking crime is a non-existent criminal offense and no federal statute criminalizes this conduct ........................................................................ 21

C. Mr. Rogers' guilty plea to count 4 should be vacated because it violated due process and Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure because his plea was not knowing and voluntary because he was not informed of the nature of the charges against him 29

    1. Standard of Review .......................................................... 29

    2. Mr. Rogers' guilty plea to count 4 should be vacated because it violated dur process and Rule 11(b)(1)(G) because his plea was not knowing and voluntary because he was not informed of the nature of the charges against him ...................................................................................... 29

D.   The district court accepted Mr. Rogers' plea in violation of Rule 11(b)(3) of the Federal Rules of Criminal Procedure by failing to assure there was a factual basis to support a conviction for 18 U.S.C. § 924(c) in count 4 ............................................................................ 37

    1.  Standard of Review ....................................................... 37

    2.  Mr. Rogers' guilty plea to count 4 should be reversed because it violated Rule 11 (b)(3) because the court failed to establish a factual basis plea in Count 4….37

    3.  The Rule 11 error affected Mr. Rogers' substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings.................... 44

E.   This case should be reversed because the government's refusal to file a motion for reduction of Mr. Rogers' sentence due to substantial assistance pursuant to 18 U.S.C. § 3553 (c) violates due process because the decision is not rationally related to any legitimate government objective................................................................................... 48

    1.  Standard of Review................................................. 48

    2.  The parties' sentencing position and the district court's ruling .......................................................... 48

    3.  Downward departures for a defendant's substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) ...................................................... 52

    4.  Mr. Rogers is entitled to relief because the government's refusal to file a motion for substantial assistance pursuant to 18 U.S.C. § 3553(e) was not rationally related to any legitimate state objective . 54

5. The terms of the plea agreement and subsequent cooperation by Mr. Rogers permitted a sentence below the statutory minimum of 180 months…60

F. Melendez v. United States, 518 U.S. 120 should be revisited because analyzing the statutory scheme of the substantial assistance statutes—18 U.S.C. § 3553(e), 28 U.S.C. § 994 and U.S.S.G. § 5K1.1—and the powers of the Sentencing Commission conferred by Congress, a district court has discretion to depart below the statutory minimum sentence following a government motion pursuant to U.S.S.G. § 5K1.1 ............ 63

1. It is time to ask the Supreme Court to reconsider its 1996 decision in Melendez v. United States, 518 U.S. 120 ...................................................... 63

2. Analysis of the statutes show a district court has discretion to sentence below the statutory minimum for substantial assistance when the government filed a motion pursuant to U.S.S.G. § 5K1.1................................................................. 65

VI. **CONCLUSION**........................................................................ 71

**CERTIFICATE OF RELATED CASES**.................................................... 72

**CERTIFICATE OF COMPLIANCE** ......................................................... 73

**CERTIFICATE OF SERVICE**

# <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                         <u>PAGE</u>

## FEDERAL CASES

Bousley v. United States
532 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ...............19, 30, 34

Brady v. United States
397 U.S. 742, 25 L. Ed 2d 747, 80 S. Ct. 1463 (1970) ...........................29, 30

Davies v. Benov
856 F. 3d 1243 (9th Cir. 2017) ........................................................................13

Garza v. Idaho
139 S. Ct. 738, 203 L. Ed. 2d 77 (2019).........................................................14

Henderson v. Morgan
426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976) ................................30

Johnson v. United States
520 U.S. 461, 117 S. Ct. 1544, 127 L. Ed 2d 718 (1997) ................21, 26, 27

Koons v. United States
138 S. Ct. 1783, 201 L. Ed 2d 93 (2018).......................................................54

McCarthy v. United States
394 U.S. 459, 22 L. Ed 2d 418, 90 S. Ct. 1166 (1969) ...........................32, 38

Melendez v. United States
518 U.S. 120, 116 S. Ct. 2057, 125 L. Ed. 2d 427 (1996) ...... 6, 52, 53, 63-65

Mistretta v. United States
488 U.S. 361, 102 L. Ed 2d 714, 109 S. Ct. 647 (1989) ...............................56

Parke v. Raley
506 U.S. 20, 113 S. Ct 517, 121 L. Ed 2d 391 (1992). ...........................14, 15

United States v. Arreola
467 F. 3d 1153 (9th Cir. 2006) ........................................................24

United States v. Andis
333 F. 3d 886 (8th Cir. 2003) ...................................................14, 19

United States v. Bain
925 F. 3d 1172 (9th Cir. 2019) ........................................................38

United States v. Beckett
996 F. 2d 70 (5th Cir. 1993) ................................................ 64, 66-70

United States v. Buchanan
59 F.3d 914 (9th Cir. 1995) ............................................................12

United States v. Billings
546 F. 3d 472 (7th Cir. 2008) .........................................................57

United States v. Bradley
381 F. 3d 641 (7th Cir. 2004) ......................................29, 30, 35, 36

United States v. Buenrostro-Torres
24 F. 3d 1174 (9th Cir. 1994) .........................................................48

United States v. Cheng Ah-Kai
951 F.2d 490 (9th Cir. 1991) ...............................................64, 67, 69

United States v. Combs
369 F.3d 925 (6th Cir. 2004) ...........................16-18, 23-25, 27, 28, 31, 33, 34

United States v. Costano
543 F. 3d 826 (6th Cir. 2008) ................................... 16, 17, 19, 23, 25, 28, 38

United States v. Coyle
506 F.3d 680 (8th Cir. 2007) ..........................................................61

United States v.  Delgado-Cardenas
974 F. 2d 123 (9th Cir. 1992) ...................................................48, 55

United States v. Dominguez-Benitez
542 U.S. 74, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004) ........................37, 44

United States v. Hanna
49 F. 3d 472 (9th Cir. 1995) ...........................................................................59

United States v. Hector
474 F. 3d 1150  (9th Cir. 2007) ......................................................................21

United States v. Jones
472 F. 3d 1136 (9th Cir. 2007) .......................................................................38

United States v. Kaplan
836 F. 3d 1199 (9th Cir. 2016) .......................................................................20

United States v. Keene
933 F. 2d 711 (9th Cir. 1991) ...................................................... 64-66, 68, 70

United States v. Krouse
370 F. 3d 965 (9th Cir. 2004) ............................................................ 39-43, 46

United v. Longoria
113 F. 3d 975 (9th Cir. 1997) ............................................................29, 32, 34

United States v. Mann
389 F. 3d 869 (9th Cir. 2004) .................................................................42, 43

United States v. McGillberry
480 F. 3d 216 (5th Cir. 2007) ......................................................15, 16, 22, 23

United States v. Mendoza
11 F.3d 126 (9th Cir. 1993) ......................................................................33, 36

United States v. Minore
292 F. 3d 1109 (9th Cir. 2002) .......................................................................34

United States v. Monzon
459 F. 3d 1268 (9th Cir. 2005) ........................................................ 37, 42-47

United States v. Olano
507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 408 (1993) ...............26, 27, 37

United States v. Seesing
234 F. 3d 456 (9th Cir. 2000) ........................................................... 30-33, 37

United States v. Stockdall
45 F. 3d 1257 (8th Cir. 1995) ...........................................................54, 57, 58

United States v. Thongsy
577 F. 3d 1036 (9th Cir. 2009) ...........................................................20, 24

United States v. Villalobos
333 F. 3d 1070 (9th Cir. 2003) .........................................................30, 34, 35

United States v. Wade
936 F.2d 169 (4th Cir. 1991) ...........................................................68

Wade v. United States
504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed 2d 524 (1992) .....53, 54, 55, 57, 58

## FEDERAL STATUTES

18 U.S.C. § 922(g) .............................................................................. 4

18 U.S.C. § 924(c) ...........4, 6, 9-10, 15-18, 21-22, 25-27, 31-35, 37-43, 45-49

18 U.S.C. § 3231 ................................................................................ 3

18 U.S.C. § 3553(a) ................................................................. 48, 61, 62

18 U.S.C. § 3553(e) ........................................................ 6, 10, 51-59, 63-70

21 U.S.C. § 841 ................................................................................ 3, 48

21 U.S.C. § 853 ................................................................................... 4

28 U.S.C. § 994 ............................................................................. 6, 65-70

28 U.S.C. § 1291 ................................................................................ 3

28 U.S.C. § 2461(c) ............................................................................ 4

## STATE STATUTE

California Vehicle Code § 21453 ....................................................... 7

## FEDERAL RULES

Fed. R. Crim. Pro., rule 11 ...................................5, 10, 29, 30, 33-38, 44, 45, 47

## FEDERAL SENTENCING GUIDELINES

U.S.S.G. § 5K1.1............................................................. 6, 52-53, 55-57, 59-70

CA 22-10323
15 CR 00018 JAM-1
(Eastern District of California)

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ROGERS,

Defendant - Appellant.

# I.

## STATEMENT OF THE CASE

**A.**        **Nature of the Case**

    1.     Jurisdiction of the District Court.

This appeal is from the district court's judgment and sentence entered on

December 5, 2022. (ER-3.)[1] The Notice of Appeal was filed on December 9,

---

[1] ER refers to the Excerpts of Record, CR refers to the Clerk's Record, PSR

2

2022. (ER-53.) The District Court had jurisdiction pursuant to Title 18 United States Code § 3231.

2. <u>Basis for Jurisdiction in the Court of Appeals</u>.

Mr. John Rogers is appealing the district court's judgment and sentence. This Court has jurisdiction over appeals from final judgments under Title 28 U.S.C. § 1291.

3. <u>Notice of Appeal was Timely</u>.

The district court sentenced Mr. Rogers on November 29, 2022, to a total term of 180 months. (ER-4.) The judgment was entered on December 5, 2022. (CR-84.) Mr. Rogers filed his timely Notice of Appeal on December 9, 2022. (ER-53.)

**B.        Proceedings and Disposition of the Trial Court.**

On February 2, 2017, Mr. Rogers was charged by Indictment in count one with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). In count 2, Mr. Rogers was charged with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). In count 3, Mr. Rogers was charged with being a felon in possession of a firearm

_____

refers to the Pre-Sentence Report filed under seal.

in violation of 18 U.S.C. § 922(g)(1).  (ER-44-46.)

The Indictment further charged in count 4 that Mr. Rogers carried firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c).  The Indictment also alleged criminal forfeiture in violation of 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).  (ER-48.)

On May 8, 2018,  Mr. Rogers pled guilty to counts 1 and 4.  (ER-30.)

On November 29, 2022, the district court sentenced Mr. Rogers to a total term of 180 months.  This term consists of 120 months on count 1 and 60 months on count 4, to be served consecutively.  (ER-15-16.)

Upon motion by the government, the district court dismissed the remaining counts.   (ER-18.)

Mr. Rogers filed his timely Notice of Appeal on December 9, 2022. (ER-53.)


**C.**          **Bail Status**

Mr. Rogers is in custody serving his prison sentence.

## II.

## STATEMENT OF ISSUES

1. Whether the waiver of appeal provision in the plea agreement is not valid and is unenforceable because both the waiver and the guilty plea in count 4 were not knowingly and voluntarily made and enforcing the waiver would result in a miscarriage of justice because Mr. Rogers was convicted and sentenced on a non-existent offense and there is no federal statute that criminalizes the conduct as alleged in the Indictment?

2. Whether the conviction and the five-year consecutive sentence imposed on count 4 should be vacated because "carrying firearm in furtherance of a drug trafficking crime" is a non-existent federal criminal offense and no federal statute criminalizes this conduct?

3. Whether Mr. Rogers' guilty plea to count 4 should be vacated because it violated due process and Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure because his plea was not knowing and voluntary because he was not informed of the nature of the charges against him?

4. Whether Mr. Rogers' guilty plea to count 4 should be vacated because his substantial rights were violated when the trial court failed to assure there was a factual basis to support a conviction for 18 U.S.C. § 924 (c)?

5. Whether this case should be reversed because the government's refusal to file a motion for a reduction of Mr. Rogers' sentence due to substantial assistant pursuant to 18 U.S.C. § 3553(e) violates due process because the government's decision is not rationally related to any legitimate government objective?

6. Whether Melendez v. United States, 518 U.S. 120 should be revisited because analyzing the statutory scheme of the substantial assistance statutes--18 U.S.C. §3553(e), 28 U.S.C. § 994 and U.S.S.G. § 5K1.1—and the powers of the Sentencing Commission conferred by Congress, a district court has discretion to depart below the statutory minimum sentencing following a government motion pursuant to U.S.S.G. § 5K1.1?

## III.

## STATEMENT OF THE FACTS

The plea agreement provided the factual basis for the plea:

"If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On January 5, 2017, at about 2:39 p.m., Sheriff's Deputies of the Sacramento County Sheriff's Department observed a white Ford Expedition standing in the intersection at Fair Oaks Boulevard and Grant Avenue, in Sacramento, during a red light. Mr. Rogers stipulates that this is a violation of California Vehicle Code Section 21453. The Deputies pulled their patrol vehicle behind the Ford Expedition and attempted to conduct a traffic stop; the Ford Expedition initially pulled over to the side of the road, but as the Deputies got out of their patrol vehicle to approach, it sped off. The Ford Expedition led law enforcement on a fourteen-mile chase through Sacramento, at times driving more than eighty miles per hour in areas with posted speed limits of thirty-five miles per hour. Law enforcement was ultimately able to disable the Ford Expedition by laying a 'tire-strip' on Highway 99, which punctured at least one of its tires. The Ford Expedition drove off the road into a grassy area to the side of Highway 99, where it stopped moving. Law

7

enforcement then approached the Ford Expedition and found John Rogers, the sole occupant and driver, in it. They removed Mr. Rogers from the Ford Expedition and placed him under arrest.

In the Ford Expedition, the officers found (i) six pounds of methamphetamine, (ii) twenty pounds of processed marijuana, (iii) drug-distribution paraphernalia, (iv) fourteen firearms, (v) high-capacity magazines, (vi) body armor, (vii) ammunition, and (viii) $10,000 in cash. The officers also found two cellular phones and a Garmin navigational device. Two of the firearms were in a backpack found at Mr. Roger's feet, and a third was found in a jacket in the front passenger seat. The fourteen firearms were (i) an Inter-American Importers SKS with serial number 85161, (ii) a Bushmaster XM15-E2S rifle with serial number BFIT038219, (iii) a European American Armory Witness pistol with serial number MT12404, (iv) an F.B. Radon 35 pistol with serial number Z1089, (v) a Glock 21 pistol with serial number GCB757, (vi) an Intratec AB-10 semi-automatic pistol with the serial number removed, (vii) a Para Ordnance P10 pistol with serial number SM3323, (viii) a Ruger M1 rifle with serial number 18479114, (ix) a Ruger SR-40 pistol with serial number 34225404, (x) a Ruger LCR pistol with serial number 54096157, (xi) a Smith and Wesson SW9VE pistol with serial number DWWM2112, (xii) a

8

Smith and Wesson 28-2 pistol with serial number N571204, (xiii) a Smith and Wesson 500 pistol with serial number BCE4212, and (xiv) a Taurus PT111 pistol with serial number TVG29255.  Subsequent DEA testing also confirmed that the six pounds of methamphetamine was 99 percent pure, and that it comprises at least 2.6 kilograms of actual methamphetamine."  (ER-42-43.)

## IV.

## SUMMARY OF ARGUMENTS

The main issue in this case is that Mr. Rogers was charged with and pled guilty to a non-existent federal offense.  In Count 4, the Indictment charged Mr. Rogers with a violation of 18 U.S.C. § 924(c).  However, the §924(c) charge in the Indictment and plea agreement, and district court's description of the elements of the crime during the change of plea hearing do not constitute a criminal offense. 18 U.S.C. § 924(c) makes a single offense that can be proven in two ways:  (a) use or carrying a gun during and in relation to a drug crime or (b) possessing a gun in furtherance of a drug crime.

In this case, the district court conflated the two clauses of § 924(c) by informing Mr. Rogers that he could be guilty of § 924(c) if a trier of fact found that he "carried" a firearm (part of the first clause) "in furtherance of" a drug

trafficking crime (part of second clause). This cross-matching of elements from two separate sections of § 924(c) impermissibly authorized a conviction of a non-existent offense. The conduct that Mr. Rogers pled guilty to in Count 4 is not a criminal offense and no federal statute criminalizes this conduct. As a result, Mr. Rogers received a 5-year consecutive sentence for conduct that is not criminal under federal law. The conviction and sentence in count 4 therefore, should be vacated.

Also, the waiver of the appeal provision in the plea agreement is not valid and is unenforceable because the guilty plea was not knowingly and voluntarily made because Mr. Rogers was convicted and sentenced on a non-existent federal offense.

Mr. Rogers' guilty plea to count 4 should also be vacated because his due process rights and substantial rights were violated during the Rule 11 change of plea proceedings because Mr. Rogers was not informed of the nature of the charges against him and the district court failed to assure thee was a factual basis to support a conviction for 18 U.S.C. § 924(c).

Finally, this case should be reversed because the government's refusal to file a motion for a reduction of Mr. Rogers' sentence due to substantial assistance pursuant to 18 U.S.C. § 3553(e) violates due process because the

government's decision was not related to any legitimate government interest. The record shows that the government's decision was designed to control the length of Mr. Rogers' sentence that the district court could impose, and not to reward him for his 4.5 years of substantial assistance.

# V.

# ARGUMENT

A.   The waiver of appeal provision in the plea agreement is not
     valid and is unenforceable because both the waiver and the guilty plea
     in count 4 were not knowingly and voluntarily made and enforcing the
     waiver would result in a miscarriage of justice because Mr. Rogers was
     convicted and sentenced on a non-existent offense and there is no
     federal statute that criminalizes the charged conduct

### 1.  Standard of Review

"We review de novo the validity of a waiver of appellate rights."

United States v. Buchanan, 59 F. 3d 914, 916 (9th Cir. 1995)

### 2.  The waiver of appeal provision is unenforceable because both
the waiver and the guilty plea in count 4 were not knowingly
and voluntarily made and enforcing the waiver would result in
a miscarriage of justice because Mr. Rogers was convicted and
sentenced on a non-existent offense and there is no federal
statute that criminalizes the charged conduct

In this case, Mr. Rogers and the government entered into a plea

agreement.  (ER-33.)   The plea agreement contains a waiver of appeal

provision.  (ER-40.)  It states:  "The defendant agrees as part of his

plea, however, to give up the right to appeal the guilty plea,

conviction, and the sentence imposed in this case as long as the

sentence does not exceed  the applicable statutory maximum

sentence." (ER-40.)

The waiver of appeal provision further states: "Notwithstanding Defendant's waiver of appeal, Defendant will retain the right to appeal if the sentence imposed by the District Court exceeds the statutory maximum in this case." (ER-40.)

A defendant's waiver of his rights to appeal is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." Davies v. Benov, 856 F. 3d 1243, 1246 (9th Cir. 2017).

"Principles of contract law control our interpretation of a plea agreement." "We therefore will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." However, "claims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary, however, may not be waived". Davies v. Benov, supra, 856 F. 3d at 1246-1247, n.2.

Mr. Rogers retains "the right to challenge whether the waiver itself is valid and enforceable—for example, on the grounds that it was

unknowing or involuntary". <u>Garza v. Idaho</u>, 139 S. Ct. 738, 745, 203 L. Ed. 2d 77 (2019). Mr. Rogers argues that the waiver of the appeal and the guilty plea was not knowingly and voluntarily because Mr. Rogers was convicted and sentenced on a non-existent offense and there is no federal statute criminalizing the conduct the government accuses him of doing.

"When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice." <u>United States v. Andis</u>, 333 F.3d 886, 889-890 (8th Cir. 2003)

Even though plea agreements are contracts, "application of these contract principles is tempered by the constitutional implications of an agreement". "A defendant must enter into a plea agreement and waiver knowingly and voluntarily for these agreements to be valid." <u>United States v. Andis</u>, <u>supra</u>, 333 F. 3d 890. This is the same standard the Supreme Court has required for all guilty pleas. <u>United States v. Andis</u>, <u>supra</u>, 333 F. 3d at 890, citing to <u>Parke v. Raley</u>, 506

14

U.S. 20, 28, 113 S. Ct. 517, 121 L. Ed 2d 391 (1992). In this case, Mr.

Rogers' guilty plea and waiver of appeal were involuntary because he

was convicted and sentenced on an offense in count 4 that does not

exist under federal law.

Here, the indictment and plea agreement described the violation in

count 4 as "carrying firearms in furtherance of drug trafficking crimes" in

violation of 18 U.S.C. § 924(c), (ER-47, ER-37-48.)    The language in the

indictment and plea agreement charging Mr. Rogers violated 18 U.S.C. §

924(c) by "carrying firearms in furtherance of a drug trafficking crime" is

plainly erroneous. "Section 924 refers to someone who either 'uses or

carries a firearm…during and in relation to any drug trafficking crime" or

someone 'who in furtherance of any such crime, possesses a firearm. 18

U.S.C. § 924(c)(1)(A). United States v. McGillberry, 480 F. 3d 326, 329,

(5th Cir. 2007)

"When the conduct charged is *possession* of a firearm, the appropriate

standard of participation is 'in furtherance of' a crime". However, if the

defendant *uses or carries* a firearm, the participation standard is 'during and

in relation to' a crime." United States v. McGillberry, supra, 480 F. 3d at

329. In this case, the indictment and the plea agreement erroneously

combined the "carries" prong of the statute with "in furtherance of" prong, thereby failing to list the essential elements of any criminal conduct. *See* United States v. McGillberry, supra, 480 F. 3d at 329. (ER-47, ER-37-38.) In other words, "carrying firearms in furtherance of a drug trafficking crime" is a non-existent crime. United States v. Castano, 543 F. 3d 826, 836-837 (6th Cir. 2008)

The "in furtherance of" element and the "during and relation to" element requires different proof. "The 'during and in relation to' element requires that the firearm 'furthered' the purpose or effect of the crime and its presence or involvement was not the result of coincidence." United States v. Combs, 369 F. 3d 925, 932-933 (6th Cir. 2004) The "in furtherance of" requires a higher standard of participation than the "during and in relation to" language, "holding that the government must show the firearm was possessed to advance or promote the commission of the underlying [drug trafficking] offense. United States v. Combs, supra, 369 F. 3d at 933.

Similarly, the indictment and the plea agreement conflated the two clauses of § 924(c) by informing Mr. Rogers he could be guilty of § 924(c) if a trier of fact found that he "carried" a firearm (part of the first clause) "in furtherance of" a drug trafficking crime (part of the second clause). (ER-47,

ER-37-48.)  This cross-matching of elements from two separate sections of §

924(c) "impermissibly authorized a conviction of a non-existent offense".

United States v. Castano, supra, 543 F. 3d at 836-837.

It is true that the indictment and the plea agreement contained both the

correct and incorrect elements of §924(c)(1)(A):  "carrying firearms in

furtherance of drug trafficking crime" (incorrect elements) and "carry

firearms during and in relation to drug trafficking offenses"  (correct

elements). (ER-37-38, ER-47-48.)

However, an indictment that contains an incorrect statement of

elements violates Mr. Rogers' constitutional due process right protected by

the Sixth Amendment, namely the right to fair notice of the criminal charges

against which he will need to defend.  United States v. Combs, supra, 369 F.

3d. 935.  The indictment in the present case violated due process because

Mr. Rogers did not receive fair notice of the correct criminal charges against

which he will need to defend because one of the offenses was a non-existent

offense.

Mr. Rogers' guilty plea and waiver of appeal are involuntary and not

knowingly made because the plea colloquy shows that Mr. Rogers pled

guilty to a non-existent offense.  During the change of plea hearing, the

government informed both the Court and Mr. Rogers that Mr. Rogers will plead guilty to a non-existent crime: Mr. Rogers will plead guilty to "count 4 alleging the carrying of firearms in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. § 924(c)." (ER-22.) The record shows that Mr. Rogers pled guilty to a non-existent crime: the court to Mr. Rogers: "in count 4 you're charged with the crime of carrying firearms in furtherance of a drug trafficking crime, a violation of 18 U.S.C. section 924(c). As to that charge, how do you now plead, guilty or not guilty?"

Mr. Rogers: Guilty. (ER-30.)

Furthermore, Mr. Rogers was actually convicted and sentenced on a non-existent offense. The judgment states: "The defendant is adjudicated guilty of 18 U.S.C. § 924(c): Carrying Firearms in Furtherance of Drug Trafficking Crimes." (ER-3.) "That wording results from an impermissible combination of the language of the first and second clauses of § 924(c)." And "carrying a firearm in furtherance of drug trafficking crimes" is not a chargeable offense." United States v. Combs, supra, 369 F. 3d at 933-934.

"Assuming that a waiver has been entered into knowingly and voluntarily, we will still refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." The miscarriage of

18

justice exception allows a defendant the right to appeal an illegal

sentence, even though there exists an otherwise valid waiver.    A

sentence is illegal when it is not authorized by the judgment of

conviction  United States v. Andis, supra, 333 F. 3d at 891-892.

In this case, the waiver of appeal provision should not be enforced

because Mr. Rogers was convicted of a non-existent offense and sentenced

to an illegal sentence.   A sentence  is illegal when it is not authorized by

law.  Here, the five-year consecutive sentence imposed on count 4 is not

authorized by law because the "offense" charged is a non-existent offense,

and no federal statute criminalizes the conduct in count 4. United States v.

Castano, supra, 543 F. 3d at 836-837.

A guilty plea may be attacked as involuntary if the record

reveals that "neither the defendant, nor his counsel, nor the court

correctly understood the essential elements of the crime with which he

was charged".  Bousley v. United States, 523 U.S. 614, 619, 118 S. Ct.

1604, 140 L. Ed 2d 828 (1998).  As described above, neither Mr.

Rogers, his counsel, the prosecutor, nor the judge—correctly

understood the essential elements of the crime with which he was

charged.  (ER-11-18, ER-22-31. )

19

Therefore, the appellate waiver in this case should not be enforced because the waiver was not knowingly and voluntarily made because the crime in count 4 does not exist.  Furthermore, because the 5-year consecutive sentence is illegal and not authorized by law, the appellate waiver should not be enforced because in so doing would be a miscarriage of justice.

B.  The conviction and the five-year consecutive sentence imposed on count 4 should be vacated because "carrying firearm in furtherance of a drug trafficking crime" is a non-existent federal criminal offense and no federal statute criminalizes this conduct

### 1.  Standard of Review

"We also review de novo the question whether a trial court's jury instruction omitted or incorrectly described an element of the offense." United States v. Thongsy, 577 F. 3d 1036, 1020 (9th Cir. 2009).  "We review sufficiency of an indictment de novo."  United States v. Kaplan, 836 F.3d 1199, 1215 (9th Cir. 2016).  Similarly, whether a criminal defendant was convicted and sentenced on a non-existent offense should also be reviewed de novo.

If a criminal defendant does not object in the district court to errors in

the indictment and judgment, the claims are analyzed under the plain-error standard of review.  Under plain-error review, 'before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) affects substantial rights".  Johnson v. United States, 520 U.S. 461, 466-467, 117 S. Ct. 1544, 137 L. Ed 2d 718 (1997).

**2.** **The conviction and the five-year consecutive sentence imposed on count 4 should be vacated because "carrying firearm in furtherance of a drug trafficking crime" is a non-existent criminal offense and no federal statute criminalizes this conduct**

In count 4 of the Indictment, Mr. Rogers was charged with violating 18 U.S.C. § 924(c).  (ER-47.)   The text of the statute of 18 U.S.C. § 924(c) provides in relevant part:  "Any person who, during and in relation to any crime of violence or drug trafficking crime…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime…be sentenced to a term of imprisonment of not less than 5 years."  United States v. Hector, 474 F. 3d 1150, 1156 (9th Cir. 2007).

The indictment in count 4, charged Mr. Rogers with a violation of 18 U.S.C. § 924(c)—Carrying Firearms *in Furtherance of* Drug Trafficking Crimes. (ER-47.) Then, in the text of count 4, the indictment charged: The Grand Jury further charges that John Rogers did knowingly carry firearms *during and in relation to* drug trafficking offenses. (Emphasis added.) (ER-47-48.)

The plea agreement contained the identical language when citing the elements of the offense: At a trial, the Government would have to prove beyond a reasonable doubt the following elements of the offense to which Defendant is pleading guilty: As to count 4, carrying firearms *in furtherance of* a drug trafficking crime in violation of 18 U.S.C. § 924(c): "Defendant knowingly carried firearms *during and in relation* to that crime." (ER-37-38.)

The language in the indictment and plea agreement charging that Mr. Rogers violated 18 U.S.C. § 924(c) by carrying firearms in furtherance of a drug trafficking crime is plainly erroneous. "Section 924 refers to someone who either 'uses or carries a firearm…during and in relation to any drug trafficking crime" or someone 'who in furtherance of any such crime, possesses a firearm. 18 U.S.C. § 924(c)(1)(A). United States v.

22

McGillberry, 480 F. 3d 326, 329, (5th Cir. 2007).

"When the conduct charged is *possession* of a firearm, the appropriate standard of participation is 'in furtherance of' a crime". However, if the defendant *uses or carries* a firearm, the participation standard is 'during and in relation to' a crime." United States v. McGillberry, supra, 480 F. 3d at 329. In this case, the indictment and the plea agreement erroneously combined the "carries" prong of the statute with the "in furtherance of" prong, thereby failing to list the essential elements of any criminal conduct. *See* United States v. McGillberry, supra, 480 F. 3d at 329. In other words, "carrying firearms in furtherance of a drug trafficking crime" is a non-existent crime. United States v. Castano, 543 F. 3d 826, 836-837 (6th Cir. 2008).

The "in furtherance of" element and the "during and relation to" element requires different proof. "The 'during and in relation to' element requires that the firearm 'furthered' the purpose or effect of the crime and its presence or involvement was not the result of coincidence." United States v. Combs, 369 F. 3d 925, 932-933 (6th Cir. 2004) The "in furtherance of" requires a higher standard of participation than the "during and in relation to" language, "holding that the government must show the firearm was

23

possessed to advance or promote the commission of the underlying [drug trafficking] offense". United States v. Combs, supra, 369 F. 3d at 933.

In United States v. Thongsy, 577 F. 3d 1036, 1043 (9th Cir. 2009), the defendant argued that the jury instruction did not fairly and adequately cover the elements of the possession of a firearm in furtherance of a drug crime because it required the jury to find he 'carried and/or possessed the firearm during and in relation to the crime' instead of requiring the jury to find that he possessed the firearm 'in furtherance of' the crime. We have established that § 924(c) makes a single offense that can be proven in two ways. *See* United States v. Arreola, 467 F. 3d 1153, 1159 (9th Cir. 2006) We explained the distinction in Arreola:

> What a statute proscribes as conduct in the first clause is the use or carrying of a gun during (a temporal connection) and in relation to ( a substantive connection) a predicate crime. What the statute proscribes in the second clause is possessing a gun in furtherance of (with a particular purpose of advancing) the specified crime. Id.

Here, the district court conflated the two clauses of § 924(c) by instructing the jury that it could convict [defendant] if it found that he 'possessed' a firearm (part of the second clause) 'during and in relation to the crime' (part of the first clause). United States v. Thongsy, supra, 577 F. 3d at 1042.

24

Similarly, the indictment and the plea agreement conflated the two clauses of § 924(c) by informing Mr. Rogers he could be guilty of § 924(c) if a trier of fact found that he "carried" a firearm (part of the first clause) "in furtherance of" a drug trafficking crime (part of the second clause). (ER-37-38, ER-47-48.) This cross-matching of elements from two separate sections of § 924(c) "impermissibly authorized a conviction of a non-existent offense". <u>United States v. Castano</u>, <u>supra</u>, 543 F. 3d at 836-837.

It is true that the indictment and the plea agreement contained both the correct and incorrect elements of §924(c)(1)(A): "carrying firearms in furtherance of drug trafficking crime" (incorrect elements) and "carry firearms during and in relation to drug trafficking offenses" (correct elements). However, an indictment that contains an incorrect statement of elements violates Mr. Rogers' constitutional due process right protected by the Sixth Amendment, namely the right to fair notice of the criminal charges against which he will need to defend. <u>United States v. Combs</u>, <u>supra</u>, 369 F. 3d. 935. The indictment in the present case violated due process because Mr. Rogers did not receive fair notice of the correct criminal charges against which he will need to defend because one of the offenses was a non-existent offense.

Mr. Rogers did not object to the errors in the Indictment, Plea

Agreement, or the Judgment in the district court, therefore, the claims are

analyzed under the plain-error standard of review.  Under plain-error review,

'before an appellate court can correct an error not raised at trial, there must

be (1) error, (2) that is plain, and (3) affects substantial rights".  Johnson v.

United States, 520 U.S. 461, 466-467, 117 S. Ct. 1544, 137 L. Ed 2d 718

(1997), (quoting United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770,

123 L. Ed 2d 508 (1993).)

The error is this case is plain, because the plea colloquy shows that

Mr. Rogers pled guilty to a non-existent offense.  During the change of plea

hearing, the government informed both the Court and Mr. Rogers will plead

guilty to a non-existent crime: Mr. Rogers will plead guilty to "count 4

alleging the carrying of firearms in furtherance of a drug trafficking crime in

violation of Title 18 U.S.C. § 924(c)."  (ER-22.)  The record shows that Mr.

Rogers pled guilty to a non-existent crime:  the court to Mr. Rogers:  "in

count 4 you're charged with the crime of carrying firearms in furtherance of

a drug trafficking crime, a violation of 18 U.S.C. section 924(c).  As to that

charge, how do you now plead, guilty or not guilty?"

Mr. Rogers:  Guilty.   (ER-30.)

Furthermore, the error is plain because Mr. Rogers was actually convicted and sentenced on a non-existent offense. The judgment states: "The defendant is adjudicated guilty of 18 U.S.C. § 924(c): Carrying Firearms in Furtherance of Drug Trafficking Crimes." (ER-3.) "That wording results from an impermissible combination of the language of the first and second clauses of § 924(c)." United States v. Combs, supra, 369 F. 3d at 933-934. And, "carrying a firearm in furtherance of drug trafficking crimes" is not a chargeable offense." Id. at 933-934.

The error also affected Mr. Rogers' substantial rights because the error was prejudicial: the error must have affected the outcome of the district court proceedings. United States v. Olano, supra, 507 U.S. at 734. Mr. Rogers was prejudiced because he received a five-year consecutive sentence for count 4, on an offense that does not exist in the federal criminal statutes. (ER-4.)

If all three plain error conditions are met, "an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings". Johnson v. United States, supra, 520 U.S. at 467. A conviction and a subsequent prison sentence on conduct that is not criminal

27

and does not exist in the criminal statutes seriously affects the fairness, integrity, or public proceedings.  Mr. Rogers' conviction and consecutive 5 year sentence on count 4 is prejudicial, constitutes plain error by the district court and produced a grave miscarriage of justice. United States v. Combs, supra, 259 at 935-936; United States v. Castano, supra, 543 F. 3d at 836-837.  It produced a grave miscarriage of justice because Mr. Rogers is serving a consecutive 5-year sentence for an crime that does not exist.

The conviction under count four should be vacated and remanded to the district court for further proceedings.

C.  Mr. Rogers' guilty plea to count 4 should be vacated because it violated due process and Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure because his plea was not knowing and voluntary because he was not informed of the nature of the charges against him

### 1.  Standard of Review

"We review de novo whether the court's colloquy with the defendant satisfies the requirements of Rule 11(c)(1)."  United States v. Longoria, 113 F. 3d 975, 976 (9th Cir. 1997)

### 2.  Mr. Rogers' guilty plea to count 4 should be vacated because it violated due process and Rule 11(b)(1)(G) because his plea was not knowing and voluntary because he was not informed of the nature of the charges against him

Mr. Rogers argues that his guilty plea violated due process and Federal Rules of Criminal Procedure, rule 11 because it was not knowing and voluntary.  "It is fundamental that 'a plea of guilty must be intelligent and voluntary to be valid.'"  United States v. Bradley, 381 F.3d 641, 645 (7th Cir. 2004), citing to Brady v. United States, 397 U.S. 742, 747, n.4, 25 L. Ed 2d 747, 80 S. Ct. 1463 (1970).  "Moreover, a plea is not voluntary in the

sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" United States v. Bradley, supra, 381 F. 3d at 645, Henderson v. Morgan, 426 U.S. 637, 645, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976).

"To this end, Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure requires that a defendant adequately be informed of and understand the nature of each charge to which the defendant is pleading." United States v. Bradley, supra, 381 F. 3d at 645; United States v. Seesing, 234 F. 3d 456, 461 (9th Cir. 2000).

"To ensure that the defendant is informed of the nature of the charge against him, as required by Rule 11, the district court must advise the defendant during the plea colloquy 'of the elements of the crime and ensure that the defendant understands them'". United States v. Villalobos, 333 F. 3d 1070, 1073 (9th Cir. 2003).

Whether the district court adequately informed Mr. Rogers of the nature of the charge and the elements of the crime, a reviewing court needs only to review the record created at the plea colloquy. United States v. Bradley, supra, 381 F. 2d. 647, citing to Bousley v. United States, 523 U.S.

614, 622, 140 L. Ed 2d 828, 118 S. Ct. 1604 (1998).

Here, the transcript of the plea colloquy shows that the district court informed Mr. Rogers the incorrect elements of the offense charged in count 4: The district court to Mr. Rogers: "in count 4 you're charged with the crime of carrying firearms in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c). As to that charge, how do you now plead, guilty or not guilty?"

Mr. Rogers: Guilty. (ER-30.)

This description of the offense in count 4 by the district court resulted from an impermissible combination of the language of the first and second clauses of § 924(c)." United States v. Combs, supra, 369 F.3d at 933-934. The correct description of the offense in count 4 is "carrying a firearm during and in relation to drug trafficking offenses." United States v. Seesing, supra, 234 F. 3d at 462. Furthermore, the district court's description of the elements of the offense is a non-existent offense. "Carrying a firearm in furtherance of drug trafficking crimes" is not a chargeable offense." United States v. Combs, supra, 369 F. 3d at 933-934.

In this case, there was a written factual basis attached to the plea agreement. The district court told Mr. Rogers that Exhibit A contains the

31

factual basis for the pleas and then asked Mr. Rogers: "Do you agree that each and every fact that's set forth in this factual basis is true and accurate?" Mr. Rogers answered: "Yes, your Honor." (ER-29-30, ER-42-43.) However, "an admission of the facts does not speak to the nature of the charge. Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." United States v. Seesing, supra, 234 F. 3d at 461, citing to McCarthy v. United States, 394 U.S. 459, 466, 22 L. Ed 2d 418, 89 S. Ct. 1166 (1969).

"Even if the [defendant] understood the factual basis for the charge against him, that is not the same as understanding the legal basis for the charge: An admission of the facts does not speak to the nature of the charge. Because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." United States v. Longoria, supra, 113 F.3d 975, 977 (9th Cir. 1997).

The charge in count 4 of the indictment, 18 U.S.C. § 924(c)(1) has two components which must be satisfied. Mr. Rogers must have understood that he was pleading guilty to having (1) carried a firearm (2) during in

relation to any drug trafficking crime.  United States v. Seesing, supra, 234 F. 3d at 461.  The district court in the present case left out the requirement that "carrying must be during and relation to" the drug trafficking offense. United States v. Seesing, supra, 234 F. 3d at 462, citing to United States v. Mendoza, 11 F.3d 126, 128-129 (9th Cir. 1993)(holding that 'in relation to' is an element of 18 U.S.C. § 924(c).)

Since Mr. Rogers was not informed of the "during and relation to" element, the requirements of Rule 11 were not met because the elements of the crime Mr. Rogers was pleading guilty were not explained to him.  United States v. Seesing, supra, 234 F. 3d at 462.

In addition, the elements described by the district court before accepting Mr. Rogers' guilty plea were non-existent and is not a chargeable offense. "Carrying a firearm in furtherance of drug trafficking crimes" is not a chargeable offense."   United States v. Combs, supra, 369 F. 3d at 933-934.  The federal statutes do not criminalize "carrying a firearm in furtherance of drug trafficking crime".  It is criminal to "carry a firearm during and relation" to a drug trafficking offense. 18 U.S.C. § 924 (c)(1)(A). This description of the elements of the offense in count 4 by the district court resulted from an impermissible combination of the language of the first

33

and second clauses of § 924(c)." United States v. Combs, supra, 369 F. 3d at 933-934.

Because Mr. Rogers was not advised of the true nature of the charge, his guilty plea is constitutionally invalid and cannot stand. Bousley v. United States, 523 U.S. 614, 618, 140 L. Ed 2d 828, 118 S. Ct. 1604 (1998). "Real notice of the true nature of the charge against a defendant is the first and most universally recognized requirement of due process. Bousley v. United States, supra, 523 U.S. at 618. "A defendant's admission of criminal culpability is not meaningful unless the defendant understands the crime to which he is confessing. United States v. Minore, 292 F. 3d 1109, 1115 (9th Cir. 2002).

"If Rule 11 is not complied with, a guilty plea must be upheld if the error is harmless." United States v. Villalobos, supra, 333 F. 3d at 1173. "The harmless error clause of Rule 11 permits us to uphold guilty pleas only when there has been a minor or technical violation of Rule 11." United States v. Longoria, supra, 113 F. 3d at 977.

In this case, the Rule 11 error was neither minor nor technical. Mr. Rogers' "substantial rights were affected because he was not informed of a critical element of his offense, as required by due process". United States v.

34

Villalobos, supra, 333 F. 3d at 1074.  The Rule 11 error also affected Mr.

Rogers' substantial rights because it was prejudicial.  An error will affect a

defendant's substantial rights if  it is prejudicial, i.e., it must have affected

the outcome of the district court proceedings. United States v. Villalobos,

supra, 333 F. 3d at 1075.

The Rule 11 error affected the outcome of the district court

proceedings because Mr. Rogers pled guilty to a non-existent charge which

led to a 5-year consecutive sentence.  (ER-30.)

"Misunderstanding of the nature of the charge—shared by all

participants in this change of plea hearing—is not harmless error."  United

States v. Bradley, supra, 381 F. 3d at 647.  During the change of plea

hearing, the government informed the Court and Mr. Rogers will plead

guilty to a non-existent crime: Mr. Rogers will plead guilty to "count 4

alleging the carrying of firearms in furtherance of a drug trafficking crime in

violation of Title 18 U.S.C. § 924(c)."  (ER-22.)  Both the judge and the

government misunderstood and informed Mr. Rogers of incorrect elements

of 18 U.S.C. § 924(c)(1)(A) as charged in count 4.  "When there is no

evidence that the requisite elements of the charged offense were

comprehended by any party to the proceeding, confidence in the defendant's

35

understanding of that charge certainly is undermined.  As we have previously explained, 'unless the defendant understands the elements of the crime he is admitting, his plea cannot be said to have been knowingly and voluntarily entered." <u>United States v. Bradley</u>, <u>supra</u>, 381 F. 3d at 647.

By not informing Mr. Rogers that carrying a gun "in relation to" a drug trafficking is an element to the offense he is pleading guilty is not harmless error. A district court's "failure to instruct jury on 'in relation to' elements is reversible, non-harmless error".  <u>United States v. Seesing</u>, <u>supra</u>, 234 F. 3d at 462, citing to <u>United States v. Mendoza</u>, <u>supra</u>, 11 F.3d at 128-129.

This case should be reversed because Mr. Rogers' guilty plea was taken in violation of Fed. R. Crim, P., rule 11 and in violation of due process, Mr. Rogers' conviction in count 4 should be vacated.

D.  The district court accepted Mr. Rogers plea in violation of Rule 11(b)(3) of the Federal Rules of Criminal Procedure by failing to assure there was a factual basis to support a conviction for 18 U.S.C. § 924(c) in Count 4

### 1.  Standard of Review

"When a defendant fails to object to a district court's asserted Rule 11 error, our review is limited to plain error." United States v. Monzon, 429 F. 3d 1268, 1271 (9th Cir. 2005), citing to United States v. Dominguez-Benitez, 542 U.S. 74, 124 S. Ct. 2333, 2338, 159 L. Ed. 2d 157 (2004). "In assessing the effect of Rule 11 error, we must look to the entire record and not to the plea proceedings alone. The error requires reversal only if it affected the defendant's substantial rights. Id. We exercise our discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Monzon, supra, 429 F. 3d at 1271, citing to United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 123 L. Ed. 2d. 508 (1993).

### 2.  Mr. Rogers' guilty plea to count 4 should be reversed because it violated Rule 11(b)(3) because the court failed to establish a factual basis for the guilty plea in Count 4

"Before accepting and entering judgment on a guilty plea, the district

court must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3)" United States v. Bain, 925 F. 3d. 1172, 1177 (9th Cir. 2019). "To satisfy this requirement, 'the judge must determine that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." United States v. Jones, 472 F. 3d 1136, 1140 (9th Cir. 2007), citing to McCarthy v. United States, 394 U.S. 459, 467, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969).

As discussed above, the record shows that Mr. Rogers pled guilty to a non-existent crime. The district court and the plea agreement conflated the two clauses of § 924(c) by informing Mr. Rogers he could be guilty of § 924(c) if a trier of fact found that he "carried" a firearm (part of the first clause) "in furtherance of" a drug trafficking crime (part of the second clause). (ER-37-38, ER-47-48.) This cross-matching of elements from two separate sections of § 924(c) "impermissibly authorized a conviction of a non-existent offense". United States v. Castano, 543 F. 3d 826, 836-837 (6th Cir. 2006).

Even if the district court recited the correct elements of the offense, the factual basis cannot support a conviction of possessing a firearm "in

furtherance" of drug trafficking crime. 18 U.S.C. § 924(c)(1)(A) provides in relevant part: "Any person who…in furtherance of any…crime [of violence or drug trafficking offense] possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime…be sentenced to a term of imprisonment of not less than 5 years." United States v. Krouse, 370 F. 3d 965, 966 (9th Cir. 2004).

In this case, Mr. Rogers specifically argues the factual basis he admitted to during the change of plea hearing had insufficient evidence to support the "in furtherance of" element of the statute. In Krouse, the court focused on the narrow question of whether the firearms discovered in Krouse's home "furthered" his drug trafficking operation. United States v. Krouse, supra, 370 F. 3d at 966. "To 'further' means 'to help forward…promote or advance." United States v. Krouse, supra, 370 F. 3d at 967. "As used in § 924(c), the House Judiciary Committee intended that 'the government must clearly show that a firearm was possessed to advance or promote the commission of the underling offense. H.R. Rep. No. 105-344 (1997)". United States v. Krouse, supra, 370 F. 3d at 967.

"Evidence that a defendant merely possessed a firearm at a drug trafficking crime scene, without proof that the weapon furthered an

independent drug trafficking offense, is insufficient to support a conviction under § 924(c)." United States v. Krouse, supra, 370 F. 3d at 967. "The government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity. In other words, this element of § 924(c) turns on the intent of the defendant." United States v. Krouse, supra, 370 F. 3d at 967.

In this case, there was a written factual basis attached to the plea agreement. The district court told Mr. Rogers that Exhibit A contains the factual basis for the pleas and asked Mr. Rogers: "Do you agree that each and every fact that's set forth in this factual basis is true and accurate?" Mr. Rogers answered: "Yes your Honor." (ER-29-30.)

Review of the factual basis contained in Exhibit A of the Plea Agreement presents no evidence or specific facts to support the firearms found in Mr. Rogers' vehicle were possessed to advance or promote the criminal activity. There were no specific facts to show that Mr. Rogers intended to use the firearms to advance or promote the illegal activity. (ER-42-43.)

The factual basis stated that in Mr. Rogers' vehicle, officers found fourteen firearms among the drugs. Two of the firearms were in a backpack

found at Mr. Rogers' feet, and third was found in a jacket in the front

passenger seat. (ER-42.) However, the factual basis is silent as to the fact

whether any of these firearms were loaded. (ER-42-43.) Since the facts

presented by the government does not prove or show that the guns were

loaded, there are no facts to show the firearms were used "in furtherance of"

the drug trafficking crime. Unusable firearms are useless and cannot

promote or advance illegal drug activity. "We emphasize that the

possession of a firearm on the same premises as a drug transaction would

not, without a showing of a connection between the two, sustain a § 924(c)

conviction." United States v. Krouse, supra, 370 F. 3d at 968.

"The requirement in § 924(c)(1) that the gun be possessed in

furtherance of a drug crime may be satisfied by a showing of some nexus

between the firearm and the drug selling operation." United States v.

Krouse, supra, 370 F. 3d at 968. To clearly satisfy the "in furtherance of"

test would be additional witness testimony connecting the defendant more

specifically with the firearm. United States v. Krouse, supra, 370 F. 3d at

968. In the case of a plea agreement, to clearly satisfy the "in furtherance

of" test would be additional facts connecting the presence of the firearms to

advancing or promoting the drug trafficking offense such as the firearms

being loaded for immediate fire or use.  There are no facts in the factual basis demonstrating Mr. Rogers' intent as to the firearms in connection with the drug trafficking offenses. (ER-42-43.)

For example, in Krouse, this Court found evidence to support a conviction "where five high caliber firearms---three of which were loaded— were readily accessible in a room containing a substantial quantity of drugs and drug trafficking paraphernalia." United States v. Mann, 389 F. 3d 869, 879 (9th Cir. 2004)   Even if the firearms in Mr. Rogers' vehicle were loaded, more evidence is needed to connect the firearms as advancing or promoting the drug trafficking offense.  "Notably, we expressly condemned the notion loaded or unregistered firearms are particularly indicative of drug trafficking or crimes of violence, holding instead that sufficient evidence supports a conviction under § 924 (c) when facts in evidence reveal a nexus between the guns discovered and the underlying offense." United States v. Mann, supra, 389 F. 3d at 879.

In United States v. Monzon, supra, 429 F. 3d at 1271-1273, the government conceded that the district court erred and violated Rule 11 by failing to determine that there was a factual basis for Monzon's guilty plea to possession of a gun in furtherance of a drug crime.  In this case, the factual

42

basis prepared by the government "runs roughshod" over the requirement

that the government set forth facts revealing a nexus between the guns

discovered and the underlying offense." United States v. Mann, supra, 389

F. 3d at 880, citing to United States v. Krouse, supra, 370 F. 3d at 968. The

factual basis of the plea agreement provided only that deputies found drugs

and firearms in the vehicle that Mr. Rogers was driving. The factual basis is

devoid of any of the necessary "specific facts" to show how the firearms

"furthered, advanced, or helped forward" the drug crime. The factual basis

neither attempts to explain or put forth a theory how the firearms mere

presence was "in furtherance of" a drug crime, nor does it include a

statement of Mr. Rogers' intent in possessing the firearms. Consequently,

just as in Monzon, "evidence that a defendant merely possessed a firearm at

a drug trafficking scene, without proof that the weapon furthered an

independent drug trafficking offense is insufficient to support a conviction

under § 924 (c)". United States v. Monzon, supra, 429 F. 3d at 1273-1274.

Since the government failed to set forth facts in the factual basis to

show a nexus between the firearms discovered in Mr. Rogers' vehicle and

the drugs, there was no facts to support a conviction of "in furtherance of" a

drug trafficking crime pursuant to 18 U.S.C. § 924(c). The conviction in

count 4 cannot stand.

### 3. The Rule 11 error affected Mr. Rogers' substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings

"To obtain reversal of a conviction based on Rule 11 error, the defendant must show, based on the entire record, that the error affected his substantial rights." United States v. Monzon, supra, 429 F. 3d at 1271-1272, citing to United States v. Dominguez-Benitez, 542 U.S. 74, 80, 124 St. Ct. at 2338-2339, 159 L. Ed 2d 157 (2004). "The defendant must show a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Monzon, supra, 429 F. 3d at 1271-1272.

"The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." United States v. Monzon, supra, 429 F. 3d at 1271-1272.

In <u>Monzon</u>, the district court violated Rule 11 by failing to determine that there was a factual basis for <u>Monzon</u>'s guilty plea to possession of a gun in furtherance of a drug trafficking crime. <u>United States v. Monzon</u>, <u>supra</u>, 429 F. 3d at 1271. As in <u>Monzon</u>, the omission of the court failing to establish a factual basis to support the conviction, likely affected Mr. Rogers' assessment of his strategic position. <u>United States v. Monzon</u>, <u>supra</u>, 429 F. 3d at 1272. One would not plead guilty to an offense where the government's evidence in the factual basis is insufficient to support the conviction. "We have held that 'evidence that a defendant merely possessed a firearm at a drug trafficking crime scene, without proof that the weapon furthered an independent drug trafficking offense, is insufficient to support a conviction under § 924(c)." <u>United States v. Monzon</u>, <u>supra</u>, 429 F. 3d at 1272, 1273. "The 'in furtherance' element of the offense 'turns on the intent of the defendant. Conviction requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime." <u>United States v. Monzon</u>, <u>supra</u>, 429 F. 3d at 1273.

In <u>Monzon</u>, the statement of facts in the plea agreement provided only "that agents found 248.9 grams of heroin in the bedroom where Monzon was sleeping and a loaded gun in Monzon's bed. The plea agreement included

no statement of Monzon's intent in possessing the gun." <u>United States v. Monzon</u>, <u>supra</u>, 429 F. 3d at 1273.  Under <u>Krouse</u>, the mere fact that firearms were in Mr. Rogers' vehicle at the scene of a drug trafficking crime is insufficient to support the "in furtherance" element. See <u>United States v. Krouse</u>, <u>supra</u>, 370 F. 3d at 967.  In this case, it is clear that government would not have been able to prove the "in furtherance" element beyond a reasonable doubt at trial based on the "evidence" it presented it the factual basis.  There was no evidence creating a nexus of the firearms in Mr. Rogers' vehicle to the drug trafficking offense, thus having insufficient evidence to support the "in furtherance to" prong of 18 U.S.C. § 924(c).

It appears that Mr. Rogers was unaware that the factual basis that he agreed to was insufficient to support the "in furtherance" element of 18 U.S.C. § 924(c).  The district court judge did not inform Mr. Rogers that the factual basis did not demonstrate all the elements of the § 924(c) charge. (ER-29-37, ER-42-43.)  It further appears that Mr. Rogers' counsel, the Assistant United States Attorney and the district court did not understand that there was no factual basis for Mr. Rogers' plea and that the government's evidence, if presented at trial would show "simply that the firearms were in Mr. Rogers' vehicle with the drugs" without showing the

required nexus of the firearms and drugs.  United States v. Monzon, supra, 429 F. 3d at 1273.

It is reasonably probable that Mr. Rogers would have gone to trial on the § 924(c) charge since the government's evidence in the factual basis was insufficient to support the charge.  A review of the record shows a "reasonable probability of a different result, sufficient to undermine confidence of the proceeding".  United States v. Monzon, supra, 429 F. 3d at 1274.  The Rule 11 error here "seriously affects the fairness, integrity or public reputation of judicial proceedings".  United States v. Monzon, supra, 429 F. 3d at 1273.

Therefore, Mr. Rogers' conviction for a violation of 18 U.S.C. § 924(c) should be reversed.

E.   This case should be reversed because the government's refusal to file a motion for a reduction of Mr. Rogers' sentence due to substantial assistant pursuant to 18 U.S.C. § 3553(e) violates due process because the decision is not rationally related to any legitimate government objective

1.   **Standard of Review**

"The legality of a sentence is reviewed de novo." <u>United States v. Delgado-Cardenas</u>, 974 F.2d 123, 126 (9th Cir. 1992). The district court's legal interpretation and application of the Sentencing Guidelines are reviewed de novo.  <u>United States v. Buenrostro-Torres</u>, 24 F. 3d 1174, 1174 (9th Cir. 1994) The factual findings of the district court are reviewed for clear error.  <u>United States v. Delgado-Cardenas</u>, <u>supra</u>, 974 F. 2d at 126.

2.   **The parties' sentencing position and the district court's ruling**

On May 8, 2018, Mr. Rogers pled guilty to two counts of a four-count Indictment.  Count 1 charged Mr. Rogers with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Count 4 charged Mr. Rogers with carrying firearms in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c).  (PSR, ¶ 1.)  The

statutory minimum term of imprisonment for count 1 is 10 years. 21 U.S.C. § 924 (c)(1)(A)(i). The statutory minimum term of imprisonment for count 4 is 60 months. 18 U.S.C. § 924(c)(1)(A)(i).

In the plea agreement filed on May 8, 2018, the government agreed to recommend a sentence of 15% below the low-end of the advisory guideline as determined by the court. (ER-36-37.)

The Pre-Sentence Report "PSR" calculated the offense level as level 35 and the criminal history score was calculated at 15. A criminal history score of 15 establishes a criminal history category of VI. (PSR, ¶¶, 21, 43, 44.) The applicable guideline range for count 1 is 292-365 months imprisonment. The applicable guideline range for count 4 is 60 months to be served consecutively to count 1. (PSR, p. 3.)

Mr. Rogers was not sentenced until November 29, 2022—4.5 years after he pled guilty. (ER-10-18.) During this period, Mr. Rogers was providing substantial assistance to the government in other criminal matters. (See Government's sentencing recommendation and motion pursuant to §5K1.1 and Defendant's sentencing memorandum both filed under seal with the PSR.)

On October 14, 2022, the government filed its sentencing

recommendation and motion for a 40% downward departure from the applicable low-end guideline sentence agreed to by the government in the plea agreement, based upon Mr. Rogers' substantial assistance to law enforcement authorities. The government respectfully requested that the district court grant the United States' motion to depart downward pursuant to U.S.S.G. § 5K1.1 and sentence Mr. Rogers to a term of incarceration of 180 months. (Government's sentencing recommendation and motion pursuant to § 5K1.1, filed under seal, pp, 2-3.)

The defense requested a sentence of 108 months based on substantial assistance and Mr. Rogers' success in very meaningful rehabilitative programs. Mr. Rogers participated and received a total of 87 Certificates of Completion. These programs included alcohol/drug programs, educational programs, anger/personal management programs and religious studies programs. (Defendant's sentencing memorandum filed under seal, pp. 1-6.)

On November 29, 2022, at the sentencing hearing, the trial court denied the defense request for a sentence of 108 months because the district court believed it did not have the authority to sentence below the statutory minimum of 180 months: "Even though there is a 5K motion, I'm not sure I'm authorized to still vary below the mandatory minimum." (ER-13.) The

government argued that the district court should decline the suggestion of defense counsel to entertain the recommendation of 108 months for two reasons: "First, that would be a breach of the plea agreement that specifically called for the defendant to ask for no less than 15 years. Second, the United States did not file a motion under 18 U.S.C. § 3553(e) to give the district court that authority to go below 15 years." (ER-14..)

The district court found that the offense level was a level 35 after adjustments and the Criminal History Category is VI. The resulting guideline range for Count 1 is 292-365 months, and on Count 4, the sentence is 60 months to run consecutively to Count 1. (ER-15.) The district court sentenced Mr. Rogers to a term of 180 months. The sentence consisted of statutory minimum term of 120 months on Count 1 and the statutory minimum term of 60 months on Count 4, to be served consecutively to Count 1. (ER-16.)

At the end of the sentencing hearing the district court acknowledged Mr. Rogers' journey to rehabilitate himself: "Mr. Rogers, you've taken a lot of steps, positive steps, in the last year or two. I wanted to acknowledge that, and hopefully that will continue. Good luck." (ER-18.)

3.    **Downward departures for a defendant's substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553 (e)**

A court may not depart below the statutory minimum for a defendant's substantial assistance in the investigation or prosecution of another person unless the government moves for such a departure under 18 U.S.C. § 3553(e).  Melendez v. United States, 518 U.S. 120, 125-126, 116 S. Ct. 2057, 135 L. Ed 2d 427 (1996).  Section 3553(e) provides that "upon motion of the government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense".

Downward departures may also be granted pursuant to U.S.S.G. § 5K1.1, which provides, in pertinent part:  "Upon motion of the government stating the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."  However, as the Supreme Court has

explained, a departure motion made specially under § 5K1.1 does not authorize a departure below the statutory minimum.  Melendez v. United States, supra, 518 U.S. at 124.

Therefore, according to Melendez v. United States, a motion by the government pursuant to U.S.S.G. § 5K1.1 allows a district court to sentence below the guideline range, but not the statutory minimum.  Motions by the government pursuant to 18 U.S.C. § 3553(e) for substantial assistance allow the district court to sentence below the statutory minimum.  Melendez v. United States, supra, 518 U.S. at 124-126.

In this case, the government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance, not a motion for downward departure pursuant to 18 U.S.C. § 3553(e) for substantial assistance.  Therefore, the government argued that the district court had no authority to sentence below the mandatory minimum of 180 months or 15 years.  (ER-14.)

A defendant is entitled to relief if the government's refusal to file a motion for downward departure pursuant to 18 U.S.C. § 3553(e) for substantial assistance if the prosecutor's refusal to move was not rationally related to any legitimate Government end or interest.  Wade v. United States,

504 U.S. 181, 186, 112 S. Ct. 1840, 118 L. Ed 2d 524 (1992)  In this case, the government's decision not to file a motion pursuant to 18 U.S.C. § 3553(e) was designed so that the government could impermissibly control the length of Mr. Rogers' sentence.

18 U.S.C. § 3553(e) was not intended to grant prosecutors a "general power to control the length of sentences."  "Only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under § 3553(e)."  United States v. Stockdall, 45 F. 3d 1257, 1261 (8th Cir. 1995).

> **4.    Mr. Rogers is entitled to relief because the government's refusal to file a motion for substantial assistance pursuant to 18 U.S.C. § 3553(e) was not rationally related to any legitimate state objective**

"When a statute sets out a mandatory minimum sentence, a defendant convicted under that statute will generally receive a sentence at or above the mandatory minimum—but not always.  Koons v. United States, 138 S. Ct. 1783, 1787, 201 L. Ed 2d 93 (2018).  However, if a defendant prior to being sentenced, has rendered substantial assistance to the Government in the

investigation or prosecution of another person who has committed an offense, two provisions afford the possibility of lenient sentencing upon motion of the Government:  § 3553 (e) which allows a court to impose a sentence below the applicable statutory minimum and § 5K1.1 which allows a court to impose a sentence below the Guidelines-recommended advisory range imprisonment.  Wade v. United States, supra, 504 U.S. at 182-183.

The Court in Wade stated that "in both section 3553(e) and section 5K1.1, the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.  The Court noted, however, that 'a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce…'"  United States v. Delgado-Cardenas 974 F. 2d 123, 126 (9th Cir. 1992).  "Thus a district court can review a prosecutor's refusal to file a substantial assistance motion and grant relief if the court finds that the refusal was based on due process grounds because the refusal was not rationally related to any legitimate state objective."  United States v. Delgado-Cardenas 974 F. 2d 123, 126 (9th Cir. 1992.), citing to Wade v. United States, supra, 504 U.S. at 186-187.

In this case, Mr. Rogers argues that he is entitled to relief upon due

process grounds because the government's refusal to file a motion pursuant

to 18 U.S.C. § 3553(e) for substantial assistance was not rationally related to

any legitimate state objective. Clearly, the point of not filing the §3553(e)

motion was to prevent the district court judge from sentencing Mr. Rogers

below the statutory minimum of 15 years. This sentencing limitation by the

government was confirmed at the sentencing hearing when the government

informed the district court that "the United States did not file a motion under

18 U.S.C. § 3553(e) to give the district court that authority to go below 15

years [or 180 months]". (ER-13-14.) This comment by the government

occurred when the district court was contemplating a defense

recommendation of a sentence of 108 months. (ER-13.)

 During the sentencing hearing, the district court stated that even

though there is a §5K1.1 motion, "I'm not sure I'm authorized to still vary

below the statutory minimum." (ER-13.) Sentencing is primarily a judicial

function. Mistretta v. United States, 488 U.S. 361, 390, 102 L. Ed 2d 714,

109 S. Ct. 647 (1989). "The prosecutor's role in this aspect of sentencing is

limited to determining, whether the defendant has provided substantial

assistance with respect to 'a sentence,' advising the sentencing court as to

the extent of that assistance and recommending, substantial assistance

departure.  *See* U.S.S.G. §5K1.1 and comment. (n.3)  The desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's power under § 3553(e)."  United States v. Stockdall, 45 F. 3d 1257, 1261 (8th Cir. 1995).

A defendant "must make a 'substantial threshold showing' that the government improperly withheld a substantial assistance motion before he can receive a remedy or even discovery or an evidentiary hearing on this issue".  United States v. Billings 546 F. 3d 472, 475 (7th Cir. 2008), citing to Wade v. United States, supra, 504 U.S. at 186. "Section 3553(e) permits the government to file a motion 'so as to reflect a defendant's substantial assistance'".  United States v. Stockdall, supra, 45 F.3d at 1261.

Mr. Rogers can make a "substantial threshold showing" that the government improperly withheld a substantial assistance motion when the government stated that its decision not to file a § 3553(e) motion in fact limited the district court's authority to go below the statutory minimum. (ER-14.)  18 U.S.C. § 3553(e) was not intended to grant prosecutors a general power to control the length of sentences." United States v. Stockdall, supra, 45 F. 3d at 1261.  The "only factors relating a defendant's cooperation

should influence the extent of a departure for providing substantial assistance under § 3553(e)." United States v. Stockdall, supra, 45 F. 3d at 1261. It is not a legitimate state interest for the government to control the judge's authority to determine a criminal defendant's sentence. Therefore, the government's refusal to file an 18 U.S.C. § 3553(e) motion is not rationally related to any legitimate government end or interest. Wade v. United States, supra, 504 U.S. at 186; United States v. Stockdall, supra, 45 F. 3d at 1261. The government's motivation was out of an impermissible desire to control the length of Mr. Rogers' sentence, and not for reasons related to his substantial assistance.

Further, there is no evidence in the record to suggest that the government's refusal to file an 18 U.S.C. § 3553(e) was rationally related to *any* legitimate government end. The government has not alleged that Mr. Rogers committed perjury at any point, was found to be incredible, offered sham information, or actively misled the government. Nor has Mr. Rogers committed any further crimes which might bear a rationally relationship to the Government's legitimate interest in deterring crime. The government's refusal to file a substantial assistance motion was based entirely upon a reason unrelated to Mr. Rogers' assistance in investigating other crimes

against the United States.

Further, the record reflects Mr. Roger's four and one-half years extraordinary assistance to the government. Review of the scope and detailed assistance by Mr. Rogers should convince any prosecutor to file a motion pursuant to 18 U.S.C. § 3553(e) in order for the district court to consider a sentence below the statutory minimum. Please read the government's § 5K1.1 motion and especially the defense's sentencing memorandum filed under seal to understand the scope of Mr. Rogers' substantial assistance to the government. (See Government's sentencing recommendation and motion pursuant to §5K1.1 and Defendant's sentencing memorandum both filed under seal with the PSR.)

In this case, the district court indicated that it may have considered a sentence below the statutory minimum when it was contemplating the defense request for a 108-month sentence. (ER-13.) While it is the prosecutor who has the discretion to decide whether or not to file a motion for substantial assistance, "the extent of that assistance and its impact on the sentence are matters left within the sound discretion of the sentencing judge". United States v. Hanna, 49 F. 3d 572, 576-577 (9th Cir. 1995)

5.     **The terms of the plea agreement and subsequent**
       **cooperation by Mr. Rogers permitted a sentence**
       **below the statutory minimum of 180 months**

The record as whole demonstrates that the district court indeed had the authority to sentence below the statutory minimum. The initial terms of the plea agreement barred Mr. Rogers from asking for, or the court from imposing a sentence below the statutory minimum. (ER-34-35.) However, the plea agreement is only <u>part</u> of the record relating to the defendant's sentencing.

After Mr. Rogers signed the plea agreement of May 8, 2018, he continued to cooperate with the government for over 4 years more, including several proffers, resulting in the government filing a motion under § 5K1.1 requesting a 40% departure. (Government's sentencing recommendation and motion pursuant to §5K1.1, p. 2, filed <u>under</u> <u>seal</u> with PSR.)   When the entire record is taken into account, Mr. Rogers contends that the terms of the plea agreement implicitly allows the court to sentence the defendant below the statutory minimum, despite the apparent wording in the plea agreement to the contrary.

When Mr. Rogers' signed the plea agreement, the terms clearly

permitted him to ask for what ever sentenced he deemed appropriate, including down to the statutory minimum of 180 months. (ER-35.) It also permitted the district court the authority to sentence Mr. Rogers to the statutory minimum of 180 months. (ER-3-4.)

So, according to the terms of the plea agreement, based on all the factors up until May 8, 2018, the defendant could ask for the statutory minimum of 180 months based in 18 U.S.C. § 3553(a) factors. However, this does not yet factor in Mr. Rogers' continued cooperation after the plea agreement was signed, and the government's motion under U.S.S.G. § 5K1.1 requesting a 40% departure. (Government's sentencing recommendation and motion pursuant to § 5K1.1, p. 2, filed under seal.)

Consequently, Mr. Rogers should have been able to ask the district court for the "lower applicable range" of 180 months (the statutory minimum), then the court grants the governments §5K1.1 motion and depart from that "applicable range". (ER-36-37.) See United States v. Coyle, 506 F. 3d 680, 685 (8th Cir. 2007)(in cases like this one, where the Guideline range exceed the statutory minimum, the court may first consider the § 3553(a) factors to reduce a defendant's sentence before considering the government's motion for substantial assistance. Depending on the strength

of the §3553(a) factors this may include down to but not below the statutory

minimum.)

This is reflected in Mr. Rogers' sentencing memorandum requesting a

108-month sentence comprised of the "applicable range" of 180 months

(statutory minimum) based on § 3553(a) factors, then the government's 40%

reduction based upon its motion for substantial assistance filed under seal.

However, the government refused to allow the court to consider a "lower

applicable range" and then sentence Mr. Rogers below the statutory

minimum after granting the government's motion under § 5K1.1 for a 40%

reduction.

The record as a whole shows that Mr. Rogers was permitted to ask for

a sentence below the statutory minimum and the court was permitted to

sentence Mr. Rogers below the statutory minimum.  Thus, the government

prevented the district court from sentencing Mr. Rogers to a sentence below

the statutory minimum:

1. Not allowing Mr. Rogers to ask for a "lower applicable range",

   including down to the statutory minimum.  (ER-35-37.)

2. By not allowing the court to consider a sentence below the

   statutory minimum after granting the government's motion under

§5K1.1 for a 40% departure. (Government's sentencing

recommendation and motion pursuant to § 5K1.1, p. 2, filed <u>under</u>

<u>seal</u>.)

This case should be reversed because the government's refusal to file

a motion for reduction of Mr. Rogers' sentence pursuant to 18 U.S.C. §

3553(e) violates due process and is not rationally related to any legitimate

government objective.

F. <u>Melendez v. United States</u>, 518 U.S. 120 should be revisited because analyzing the statutory scheme of the substantial assistance statutes--18 U.S.C. §3553(e), 28 U.S.C. § 994 and U.S.S.G. § 5K1.1—and the powers of the Sentencing Commission conferred by Congress, a district court has discretion to depart below the statutory minimum sentence following a government motion pursuant to U.S.S.G. § 5K1.1

**1. It is time to ask the Supreme Court to reconsider its 1996 decision in <u>Melendez v. United States</u>, 518 U.S. 120**

In 1996, the Supreme Court in <u>Melendez v. United States</u>, 518 U.S.

120, 125-130, 116 S. Ct. 2057, 125 L. Ed 2d 427 (1996) held that a district

court can impose a sentence below a statutory minimum after the

government authorizes it by filing s substantial assistance motion pursuant to

18 U.S.C. § 3553(e).  The Court held, however, an U.S.S.G. § 5K1.1

substantial assistance motion cannot, on its own, permit a departure below the statutory minimum, it permits a departure only below the sentencing guideline range. Id. at 125-130. In other words, the Supreme Court authorized prosecutors, after a criminal defendant gave substantial assistance to the government in investigating a crime, to limit the judge's discretion to set the sentence by choosing to file its motion under U.S.S.G. § 5K1.1 rather than 18 U.S.C. § 3553(e).

Prior to Melendez v. United States two circuits analyzed the substantial assistance statutes and sentencing guidelines and concluded that a district court has discretion to depart below the statutory minimum sentence following a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 and that it is not necessary for the government to specify that it is moving under 18 U.S.S.G. § 3553(e) for departure below the statutory minimum once the power of the court has been involved under U.S.S.G. § 5K1.1. United States v. Ah-Kai, 951 F. 2d 490, 492 (9th Cir. 1991), see also United States v. Keene, 933 F. 2d 711 (9th Cir. 1991); United States v. Beckett, 996 F. 2d 70 (5th Cir. 1993).

Mr. Rogers argues that the reasoning and the interpretation of the substantial assistance statutes in the three cases cited above support a finding

that a district court has discretion to sentence below the statutory minimum

when the government files a substantial assistance motion pursuant to

U.S.S.G. § 5K1.1. <u>Melendez v. United States</u>, <u>supra</u>, 518 U.S. 120, was

decided in 1996.  There is only one remaining Supreme Court Justice on the

bench since <u>Melendez</u> was decided:  Justice Thomas.  There are eight new

Justices serving on the Court.  Therefore, this is an appropriate time to ask

the Court to reconsider its decision in <u>Melendez</u> and grant a petition for writ

of certiorari.

   **2.  Analysis of the statutes show a district court has discretion to
   sentence below the statutory minimum for substantial
   assistance when the government filed a motion pursuant to
   U.S.S.G. § 5K1.1**

   In <u>United States v. Keene</u>, this Court stated that "the issue in this

appeal involves the interpretation and interrelation of two statutory

provisions and one Guideline section addressing a reduction in sentence

based upon a defendant's substantial assistance to authorities:  18 U.S.C. §

3553(e), 28 U.S.C. § 994(n) and U.S.S.G. § 5K1.1.  After analyzing the two

statutes and guideline, the <u>Keene</u> Court found that all three provisions need

to be read together and the court rejected that "the statutory scheme limits

the judge's discretion to set the sentence by choosing to file its motion under

5K1.1 rather than § 3553(e)".  United States v. Keene, 933 F. 2d 711, 711-

714 (9th Cir. 1991)

    "The full text of § 3553(e) of title 18 provides:

    Limited authority to impose a sentence below a statutory minimum.—
Upon motion of the Government, the court shall have the authority to
impose a sentence below a level established by statute as minimum sentence
so as to reflect a defendant's substantial assistance in the investigation or
prosecution of another person who has committed an offense.  Such sentence
shall be imposed in accordance with the guidelines and policy statements
issued by the Sentencing Commission pursuant to section 994 of title 28,
United States Code.  18 U.S.C. § 3553(e).

    Section 994(n) of title 28 reads as follows:

    The Commission shall assure that the guidelines reflect the general
appropriateness of imposing a lower sentence than would otherwise be
imposed, including a sentence that is lower than that established by statute as
a minimum sentence, to take into account a defendant's substantial
assistance in the investigation of another person who has committed an
offense.  28 U.S.C. § 994(n).

    And the relevant portion of § 5K1.1 is this:

    *Substantial Assistance to Authorities* (Policy Statement)
    Upon motion of the government stating that the defendant has
provided substantial assistance in the investigation or prosecution of another
person who has committed an offense, the court may depart from the
guidelines. U.S.S.G.§ 5K1.1."  United States v. Beckett, 996 F. 2d 70, 72
(5th Cir. 1993)

    "The commentary accompanying § 5K1.1 contains the following

application note:

1. Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence. U.S.S.G. § 5K1.1, comment n. 1. <u>United States v. Beckett</u>, <u>supra</u>, 996 F. 2d at 72.

The defendant in <u>Beckett</u> pleaded guilty to a criminal statute which carried a mandatory minimum and gave substantial assistance to the prosecution.  Therefore, the case involved both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  "The underlying question to be resolved is whether these two provisions provide for separate and distinct methods of departure, or whether they are intended to perform the same function."  <u>United States v. Beckett</u>, <u>supra</u>, 996 F. 2d at 72.

The <u>Beckett</u> court noted that other circuits have tackled this issue.  In <u>United States v. Cheng Ah-Kai</u>, 951 F. 2d 490 (2nd Cir. 1991), the Court was confronted with facts very similar to ours.  The defendant pleaded guilty to violating two criminal statutes, one of which carries a mandatory minimum sentence.  In exchange for the defendant's cooperation with the government the government agreed to request the sentencing court to depart below the sentencing guidelines.  Prior to sentencing, the government sent a letter to the district court recommending a downward departure from the guidelines;

it made no mention, however, of a departure below the statutorily required minimum sentence. On appeal both the government and the defendant agreed that the letter was the equivalent of a 5K1.1 motion. United States v. Beckett, supra, 996 F. 2d at 72-73.

At sentencing, the defendant requested a sentence below the statutory minimum, and the government objected. The government took the position it now takes today, that §5K1.1 and § 3553(e) are separate and distinct methods of departure and that in the absence of a 3553(e) motion, the district court does not have the authority to depart below the statutory minimum sentence. The district court 'reluctantly' agreed with the government and sentenced the defendant to the statutory term. United States v. Beckett, supra, 996 F. 2d at 73.

On appeal, the Second Circuit reviewed the language of sections 3553(e), 994(n), and 5K1.1, as well as the Ninth Circuit decision in United States v. Keene, supra, 933 F. 2d 711 (9th Cir. 1991) and the Fourth Circuit's decision in United States v. Wade, 936 F. 2d 169 (4th Cir. 1991) and came to the following conclusion:

Analyzing the statutory scheme and the powers of the Sentencing Commission conferred by Congress, we likewise hold that a district court has discretion to depart below the statutory minimum sentence following a government motion pursuant to § 5K1.1. In our view, it is not necessary for

the government to specify that it is moving under § 3553(e) for departure below the statutory minimum, once the power of the court has been invoked under § 5K1.1. United States v. Beckett, supra, 996 F. 2d at 73, citing to United States v. Cheng Ah-Kai, supra, 951 F. 2d at 492.

"In reaching this conclusion, the Court found that § 5K1.1 implements the directive of § 994(n) and § 3553(e), and all three provisions must be read together. It found that Application Note 1 to § 5K1.1 supported this reading. More specifically, it found that by the inclusion of Application Note 1, the Sentencing Commission intended § 5K1.1 to be the 'conduit' through which § 3553(e) may be applied." United States v. Beckett, supra, 996 F. 2d at 73.

"The Ninth Circuit engaged in much the same analysis described above. It first found that there is nothing in the legislative history, nor in the language of § 3553 or § 994 to suggest that Congress intended to vest with the prosecutor not only the authority to make a substantial assistance motion, but also the authority to set the parameters of the court's sentencing discretion by choosing to move under § 5K1.1, rather than § 3553(e). The Court then examined the statutory relationship between §3553(e), § 5K1.1, Aplication Note 1 to §5K1.1, and § 994(n) and came to the following conclusion:

"In light of the substantial cross references between 5K1.1, 3553(e) and 994 (n), we conclude that 994(n) and 5K1.1 do not create a separate

69

ground for a motion for reduction below the guidelines exclusive of 3553(e)'s provision for reduction below the statutory minimum.  Rather 5K1.1 implements the directive of 994(n) and 3553(e), all three provisions must be read together in order to determine the appropriateness of a sentence reduction and the extent of departure."  United States v. Beckett, supra, 996 F. 2d at 74, citing to United States v. Keene, supra, 933 F. 2d at 714.

"Therefore, we hold that when the prosecution moved under a § 5K1.1 for a downward departure from the guidelines based on Beckett's substantial assistance, the district court was authorized to depart below the statutory minimum sentence."  This holding is based on our conclusion that § 5K1.1 is the appropriate tool by which § 3553(e) may be implemented."  United States v. Beckett, supra, 996 F. 2d at 75.

Based on the foregoing, a combined reading of the statutes and guideline section at issue states that if the government moves under §5K1.1 for a downward departure for substantial assistance, the district court is authorized to depart below the statutory minimum sentence.  The government should not have the power to limit the scope of the district court's discretion when sentencing a criminal defendant after the defendant provided substantial assistance to the government.

70

# VI.

# CONCLUSION

For the foregoing reasons, Mr. Rogers respectfully requests that this case be reversed and remanded to the district court for further proceedings.

Dated: August 10, 2023

             *__s/Karyn H. Bucur*_____
             Karyn H. Bucur
             Attorney for Appellant

## CERTIFICATE OF RELATED CASES

Counsel for the appellant hereby certifies that best to her knowledge there are no related appeals to this case.

DATED: August 10, 2023

_\_\_s/Karyn H. Bucur_____
Karyn H. Bucur
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 32 (7)(B), I certify that the opening brief is proportionately spaced, has a typeface of 14 points or more and contains 13,929 words, minus the certificates, table of contents and table of authorities.


DATED: August 10, 2023

_\_\_s/Karyn H. Bucur_____
Karyn H. Bucur
Attorney for Appellant

CERTIFICATE OF SERVICE

FOR DOCUMENTS FILED USING CM/ECF


      I hereby certify that on August 10, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

      All of the participants in this case are registered CM/ECF users.  They will be served by the appellate CM/ECF system.



Dated:  August 10, 2023
S/Karyn Bucur